[Cite as *State v. Cornelison*, 2024-Ohio-2482.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                          :
                                       :
        Appellee                       :        C.A. No. 2023-CA-36
                                       :
v.                                     :        Trial Court Case No. 2023 CR 119
                                       :
EDWARD PAUL CORNELISON                  :        (Criminal Appeal from Common Pleas
                                       :        Court)
        Appellant                      :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on June 28, 2024

. . . . . . . . . . .

STEVEN H. ECKSTEIN, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Edward Paul Cornelison appeals from a judgment of the Champaign County Court of Common Pleas, which found him guilty on his guilty pleas to one count of identity fraud and one count of failure to appear. He was sentenced to three years in prison. For the following reasons, we will affirm the judgment of the trial

court.

I.       Facts and Course of Proceedings

{¶ 2} On July 10, 2023, a Champaign County grand jury indicted Cornelison on one count of identity fraud, a fifth-degree felony in violation of R.C. 2913.49(B), and one count of possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A).   On July 11, 2023, the trial court ordered that Cornelison be released from custody on a personal recognizance bond.

{¶ 3} On September 18, 2023, the trial court issued a journal entry continuing the final pre-trial conference and notifying the parties of the following bond violation allegations: (1) on August 8, 2023, Cornelison testified positive for methamphetamine, amphetamine, MDMA, alcohol, and THC; (2) on August 22, 2023, Cornelison failed to appear for a pre-trial services appointment; (3) on September 18, 2023, Cornelison failed to appear for a pre-trial services appointment; and (4) on September 18, 2023, Cornelison failed to appear for a final pre-trial conference.

{¶ 4} On October 2, 2023, a Champaign County grand jury indicted Cornelison on one count of failure to appear as required by recognizance, a fourth-degree felony in violation of R.C. 2937.29, and two counts of aggravated possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A).

{¶ 5} On October 5, 2023, the trial court issued a journal entry in which it found Cornelison guilty of the bond violation allegations set forth in its September 18, 2023 journal entry.   The trial court noted that Cornelison had admitted the bond violations and

that the finding of bond violations would be considered a sentencing factor in the event Cornelison was convicted of an offense.

{¶ 6} On October 19, 2023, Cornelison withdrew his former not guilty pleas and pleaded guilty to one count of identity fraud and one count of failure to appear as required by recognizance. In exchange for these guilty pleas, the State dismissed the remaining three counts of the indictments. The trial court sentenced Cornelison to six months in prison on the identity fraud count and 18 months on the failure to appear count. The court ordered these sentences to be served consecutively. The trial court then imposed an additional 12-month prison sentence due to Cornelison's commission of a new felony offense while he was under post-release control in another unrelated case. This additional 12-month prison sentence was ordered to be served consecutively to the other two sentences in this case, for an aggregate prison sentence of three years.

{¶ 7} Cornelison filed a timely notice of appeal from the trial court's judgment.

II. Cornelison Failed to Show by Clear and Convincing Evidence that the Record Does Not Support the Trial Court's Imposition of Consecutive Sentences

{¶ 8} Cornelison's sole assignment of error states:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 9} In his sole assignment of error, Cornelison highlights the fact that the trial court imposed consecutive prison sentences in this case despite being aware that a Union County court was willing to enroll Cornelison in drug rehabilitation. According to Cornelison, his criminal history was the main reason the trial court imposed consecutive

prison sentences. Appellant's Brief, p. 13. Cornelison notes that his criminal history showed he had "previously been sent to prison and one offense was an offense of violence but that offense was in 1998, over 25 years ago." *Id.* Cornelison believes "drug rehabilitation could solve [his] problems much better than prison." *Id.* He asks us to modify his consecutive prison sentences to concurrent sentences because the record clearly and convincingly does not support the trial court's findings.

{¶ 10} The State responds that the trial court made the requisite findings to impose consecutive sentences. Further, the State contends that Cornelison has failed to show by clear and convincing evidence that the record does not support the trial court's findings and imposition of consecutive sentences.

{¶ 11} Generally, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). "However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts." *State v. Dillon*, 2d Dist. Greene No. 2020-CA-4, 2020-Ohio-5031, ¶ 44.

{¶ 12} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 13} The trial court ordered the sentences for identity fraud and possession of drugs to be served consecutively to each other and to the sentence for committing a felony while on post-release control. Pursuant to R.C. 2929.141(A)(1), the trial court was required to order the additional 12-month prison sentence imposed due to Cornelison's commission of a new felony offense while he was under post-release control to be served consecutively to any sentence for the new felony. As a result, the findings set forth in R.C. 2929.14(C)(4) were not required to make that particular 12-month sentence consecutive rather than concurrent. But the findings in R.C. 2929.14(C)(4) were required to impose the sentences for identity fraud and possession of drugs consecutively.

Therefore, we will focus our review on the trial court's decision to make the sentences for identify fraud and possession of drugs consecutive rather than concurrent.

{¶ 14} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the court's findings under certain enumerated statutes (including R.C. 2929.14(C)(4), which concerns the imposition of consecutive sentences); or (2) the sentence is otherwise contrary to law. *Marcum* at ¶ 9, citing R.C. 2953.08(G)(2). "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to the trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, 231 N.E.3d 1109, ¶ 5. Under R.C. 2953.08(F), the "record" includes, among other things, any presentence or other report submitted to the trial court, the trial record in the case, and any oral or written statements made by or submitted to the trial court at the sentencing hearing. The clear-and-convincing standard requires "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} At the sentencing hearing, Cornelison and his counsel focused primarily on requesting a sentence that did not include any prison time. Instead, Cornelison requested treatment for his drug addiction. The State opposed this request and

explained why it believed consecutive prison sentences were more appropriate given Cornelison's actions and lengthy criminal history. The trial court addressed the option of treatment over a prison sentence and explained why it decided to impose a prison sentence. Tr. 26-34. The trial court then stated the following regarding its decision to impose consecutive sentences:

> In imposing consecutive sentences the Court finds consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the conduct and the danger that the Defendant poses to the public. The Court finds that the Defendant committed one or more of the multiple offenses while he was awaiting trial or sentencing or was on community control or was under post-release control for a prior offense. And the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

*Id.* at 39.

{¶ 16} Further, in its written judgment, the trial court stated that it had considered and applied the purposes and principles of sentencing set forth in R.C. 2929.11 and considered the factors set forth in R.C. 2929.12 and R.C. 2929.13. The trial court found that the factors in these statutory sections supported a term of imprisonment. The trial court then made the following findings pursuant to R.C. 2929.14(C)(4): (1) consecutive sentencing was necessary to protect the public from future crime or to punish Cornelison;

(2) consecutive sentences were not disproportionate to the seriousness of Cornelison's conduct and to the danger he posed to the public; (3) Cornelison committed one or more of the multiple offenses while he was awaiting trial or sentencing, was on community control, or was under post release control for a prior offense; and (4) Cornelison's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Cornelison.

{¶ 17} The trial court made the requisite findings to impose consecutive sentences. R.C. 2929.14(C)(4). But Cornelison argues that the trial court's reliance on his criminal history to impose these sentences was clearly and convincingly not supported by the record because only one of his previous offenses was an offense of violence, and it was over 25 years ago. A defendant's criminal history is relevant to the findings required by R.C. 2929.14(C)(4) because that statute requires the court to look at the defendant's history of criminal conduct and the likelihood the defendant will commit future crimes. There is no requirement in R.C. 2919.14(C)(4) that the past crimes or potential future crimes must be ones of violence in order to be relevant.

{¶ 18} At the sentencing hearing, the State discussed many of the details of Cornelison's criminal history, including four prior prison sentences, an aggravated robbery in 1998, and several failures to appear at hearings. The trial court then explained the factors it had considered, Cornelison's criminal history, and the numerous second chances he had received of which he had not taken advantage. The trial court took the time to consider all the evidence of record and weighed all the statutory considerations contained in R.C. 2929.14(C)(4) before it imposed consecutive sentences. This is made

clear in the sentencing hearing transcript and in the court's judgment entry. Based on a review of the record before us, we cannot conclude that the court's findings were clearly and convincingly not supported by the record.

{¶ 19} The sole assignment of error is overruled.

III.     Conclusion

{¶ 20} Having overruled Cornelison's sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.